**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND (PROVIDENCE)**

| | | |
|---|---|---|
| **METLIFE LIFE AND ANNUITY COMPANY OF CONNECTICUT,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ROSE PRIMAVERA, VICTOR PRIMAVERA, III, and GAIL GESMONDI,**<br><br>**Defendants.** | ) | CA 06 453 ML<br><br>**Civil Action No.** |

**COMPLAINT FOR RESCISSION**

Plaintiff, MetLife Life and Annuity Company of Connecticut ("MetLife"), successor to Travelers Life and Annuity Company, by counsel, as and for its Complaint against Defendants, Rose Primavera ("Mrs. Primavera"), Victor Primavera, III ("Mr. Primavera") and Gail Gesmondi ("Mrs. Gesmondi") alleges at all material times as follows:

**PARTIES**

1. MetLife, at all relevant times hereinafter mentioned, was and still is, an insurance company organized and existing under and by virtue of the laws of the State of Connecticut, with its principal place of business located in Hartford, Connecticut.

2. Upon information and belief, Defendant, Mrs. Primavera resides at 1 Baker Street, Providence, Rhode Island 02905.

3. Upon information and belief, Defendant, Mr. Primavera resides at 115 Churchill Drive, Cranston, Rhode Island 02920.

4. Upon information and belief, Defendant, Mrs. Gesmondi resides at 810 Meshanticut Valley Parkway, Cranston, Rhode Island 02920.

## JURISDICTION AND VENUE

5. Jurisdiction in Federal Court is founded on complete diversity of citizenship between Plaintiff and Defendants under 28 U.S.C. §1332. The amount in controversy exceeds $75,000.00 excluding interests and costs.

6. Venue is proper in this Court as Defendants reside in Providence and Cranston, Rhode Island.

## FACTUAL BACKGROUND

7. On or about September 14, 2004 Mr. Primavera applied to Travelers Life and Annuity Company for a life insurance policy. The proposed insured was Mrs. Primavera. *See* Part One Application for Life Insurance attached hereto as Exhibit "A".

8. On or about September 14, 2004 Mrs. Gesmondi applied to Travelers Life and Annuity Company for a life insurance policy. The proposed insured was Mrs. Primavera. *See* Part One Application for Life Insurance attached hereto as Exhibit "B".

9. On October 13, 2004, based on the statements, representations and answers made by the proposed insured, Mrs. Primavera, and the applicants, Mr. Primavera and Mrs. Gesmondi, in their respective Applications, MetLife issued two Life Insurance Policies: Number 7440799 ("Mr. Primavera's Policy") for a face amount of $2,500,000.00 and Number 7440800 ("Mrs. Gesmondi's Policy") for a face amount of $2,500,000.00.

10. In the Applications, Defendants state that the proposed insured had then in effect a life insurance policy with Travelers for $5,000,000.00 that was issued in 1999, and a life insurance policy with "Sun" for $10,000,000.00 that was issued in 1998. Those are the only two life insurance policies that the defendants disclosed. *See* Page 3, Answers to question number 8, in both, Exhibit "A" and Exhibit "B." Also, Defendants state that the proposed insured had applied for life insurance in the six months prior to the date of the Applications for "$5,000,000 - JP, $5,000,000 - Trans" for a total of $10,000,000.00 in life insurance coverage. *See* Page 8, Details to question number 6, in both, Exhibit "A" and Exhibit "B."

11. In the Life Financial Supplement, which is required for all life insurance applications of $1,000,000.00 or more, Mrs. Primavera states that she was the Proposed insured in Mr. Primavera and Mrs. Gesmondi's Applications to cover the "Estate Transfer Taxes." Mrs. Primavera represented that she was covered by a life insurance policy for $10,000,000.00, and was applying for two life insurance policies for the amount of $5,000,000.00 each, at "JP and Trans." *See* Life Financial Supplement hereto attached as Exhibit "C." Mrs. Primavera's life insurance coverage on the date that Mr. Primavera and Mrs. Gesmondi's Policies were issued was supposed to be $25,000,000.00.

12. MetLife has recently discovered that the insured, Mrs. Primavera, was issued life insurance coverage with the Hartford Life in the amount of $5,000,000.00 in 1999, and Protective Life in the amount of $10,000,000.00 on July 9, 2004. This information was not disclosed in the September 14, 2004 Applications for Life Insurance policy.

13. Had the policies set forth on paragraph 12 of this Complaint been disclosed by the Defendants at the time of their Applications, the life insurance policies would not have been issued to Mr. Primavera and Mrs. Gesmondi. Defendants' failure to disclose Mrs. Primavera's total amount of life insurance coverage, as well as all the other life insurance Policies in effect at the time of the Applications, were material to the acceptance of the risk by MetLife.

14. Under her "Medical History" on Page 5 of Part One Application for Life Insurance, Question 1.c. and 1.d. require the Proposed Insured to provide the date and reason that she last consulted her personal physician as well as the diagnoses and the treatment. *See* Page 5, Question number 1.c and 1.d in both, Exhibit "A" and Exhibit "B."

15. Mrs. Primavera stated that the last time that she consulted her physician was for a physical, and that everything was normal.

16. Upon information and belief, these representations by Mrs. Primavera were also not accurate, and materially increased the risk of loss to MetLife.

17. Page 7 of each Application is the signature page. The first paragraph on the signature page provides in pertinent part, the following:

> **DECLARATION:** APPLICANT declares to the best of his/her knowledge and belief that all of the statements and answers in Part One and Two, if required, are complete and true. **APPLICANT UNDERSTANDS AND AGREES THAT: (a) Part One and Part Two, if required, and any supplements will form the basis for any insurance issued.**

The second paragraph sets forth the following:

> Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance

> act, which is a crime and subjects such person to criminal and civil penalties. By signing below, I acknowledge that I have read and understand all the information in this application.

18. On September 14, 2004, Mrs. Primavera and Mr. Primavera signed Page 7 of Mr. Primavera's Application for Life Insurance. *See* Page 7, Exhibit "A."

19. Also on September 14, 2004, Mrs. Primavera and Mrs. Gesmondi signed Page 7 of Mrs. Gesmondi's Application for Life Insurance. *See* Page 7, Exhibit "B."

20. On October 13, 2004, based on the statements, representations and answers made by Defendants in their respective Applications, MetLife issued two Life Insurance Policies: Number 7440799 ("Mr. Primavera's Policy"), Number 7440800 ("Mrs. Gesmondi's Policy").

21. MetLife has since learned the following information that Mrs. Primavera, Mr. Primavera and Mrs. Gesmondi did not disclose in their Applications (including the Life Financial Supplement) for the Policies:

a) Defendants did not disclose all the insurance policies covering Mrs. Primavera's life, as well as the total amount of insurance coverage issued to Mrs. Primavera.

b) Defendants misrepresented the amount of Mrs. Primavera's income and net worth.

c) Defendants also misrepresented the basis for the purpose of procuring the Policies, and may have misrepresented the insurable interest with respect to their Policies.

d) Mrs. Primavera misrepresented her medical condition at the time of her Application.

22. Had Mrs. Primavera and the other Defendants answered truthfully the Application questions set forth above, and disclosed the information set forth in paragraph 21 above, MetLife would not have issued the Policies.

**COUNT I – RESCISSION**

23. MetLife hereby incorporates Paragraphs 1-22 of this Complaint as if fully set forth herein.

24. The statements, representations, and answers in the Applications and the respective Supplements were made by Defendants for the purpose of inducing MetLife to issue life insurance policies on the life of Mrs. Primavera.

25. In reliance upon the statements, representations and answers made by Defendants in the Applications and the respective Supplements, MetLife issued the Policies to Mr. Primavera and Mrs. Gesmondi with an effective date of October 13, 2006. See Exhibits "C" and "D."

26. Defendants were aware of their material misrepresentations in their Applications before the issuance of the Policies, yet they withheld this information from MetLife.

27. The false statements, misrepresentations and omissions of material facts made by Defendants in their Applications and the respective Supplements were material to the risk of the subject matter of the insurance contract.

28. Had Defendants answered truthfully the questions from the Applications as set forth herein, MetLife would not have issued the Policy.

29. By withholding pertinent information from MetLife, Defendants either intended to deceive MetLife into issuing the policies and/or their material misrepresentations increased MetLife's risk of loss.

30. MetLife relied on the false statements, misrepresentations and omissions of material facts made by Defendants in the Applications and the respective Supplements.

31. MetLife has suffered damages as a result of its reliance on the false statements, misrepresentations and omissions of material facts made by Defendants in the Applications and the respective Supplements.

32. MetLife, based upon the foregoing, seeks to rescind the Policies, declaring the Policies null and void.

33. Because the Policies were issued on the basis of material misrepresentations and omissions of material facts by Defendants in the Applications and the respective Supplements, the Policies were void *ab initio.*

34. Accordingly, MetLife seeks a declaration from the Court that the Policies are void *ab initio* and that it has no liability thereunder.

35. MetLife has no adequate remedy at law.

***WHEREFORE***, MetLife prays that the Court enter judgment:

(a) declaring the Policies void *ab initio* due to the material misrepresentations and omissions of material facts made by Defendants in the Applications and the respective Supplements;

(b) awarding MetLife its reasonable attorneys' fees, costs and disbursements in this action; and

(c) for such other and further relief as the Court deems just and proper.

Respectfully submitted by Plaintiff,
MetLife Life and Annuity Company of
Connecticut,
By Its Attorneys,

Stephen A. Izzi, Esq. (#2928)
Moses Afonso Jackvony, Ltd.
170 Westminster Street, Suite 201
Providence, RI 02903
Tel.: 401.453.3600

Dated: October 13, 2006